Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ERNESTO CASAS, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION**<br>**UNDER 29 U.S.C. § 216(b)** |
| NYC SUNRISE 99 CENTS STORE<br>INC. (d/b/a SUNRISE 99 CENTS<br>STORE), ALEX DOE, JEREMY<br>DOE, and MEI YING LIN | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Ernesto Casas ("Plaintiff Casas" or "Mr. Casas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants NYC Sunrise 99 Cents Store Inc. (d/b/a Sunrise 99 Cents Store) ("Defendant Corporation") Alex Doe, Jeremy Doe, and Mei Ying Lin (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Casas is a former employee of Defendants NYC Sunrise 99 Cents Store Inc. (d/b/a Sunrise 99 Cents Store), Alex Doe, Jeremy Doe, and Mei Ying Lin.

2.      Sunrise 99 Cents Store is a retail store owned by Alex Doe, Jeremy Doe, and Mei Ying Lin located at 2140 Third Avenue, New York, New York 10035.

3.      Upon information and belief, Defendants Alex Doe, Jeremy Doe, and Mei Ying Lin serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the discount store.

4.      Plaintiff Casas is a former employee of Defendants.

5.      Plaintiff Casas was employed as a general store assistant.

6.      At all times relevant to this Complaint, Plaintiff Casas worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Casas the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Casas the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Casas to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Casas and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Casas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 et seq., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Casas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Casas' state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Casas `was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Ernesto Casas ("Plaintiff Casas" or "Mr. Casas") is an adult individual residing in New York County, New York.

16.    Plaintiff Casas was employed by Defendants from approximately August 2011 until on or about October 2016.

3

17.     Plaintiff Casas consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all times relevant to this complaint, Defendants own, operate, and/or control a retail store located at 2140 Third Avenue, New York, New York 10035 under the name "Sunrise 99 Cents Store".

19.     Upon information and belief, NYC Sunrise 99 Cents Store Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2140 Third Avenue, New York, New York 10035.

20.     Defendant Alex Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Alex Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21.     Defendant Alex Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22.     Defendant Alex Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Casas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

4

23.     Defendant Jeremy Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Jeremy Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.     Defendant Jeremy Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

25.     Defendant Jeremy Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Casas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Mei Ying Lin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.  Defendant Mei Ying Lin is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

27.     Defendant Mei Ying Lin possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28.     Defendant Mei Ying Lin determined the wages and compensation of the employees of Defendants, including Plaintiff Casas, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a retail store located at 2140 Third Avenue, New York, New York 10035.

30.     Individual Defendants Alex Doe, Jeremy Doe, and Mei Ying Lin possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Casas' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Casas, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Casas, and all similarly situated individuals, and are Plaintiff Casas' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Casas and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Alex Doe, Jeremy Doe, and Mei Ying Lin operate Defendant Corporation as either an alter ego of themselves , and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

         (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)      defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)      operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)      intermingling assets and debts of their own with Defendant Corporation;

(g)      diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

36.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

37.      Defendants had the power to hire and fire Plaintiff Casas, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Casas' services.

38.      In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.      In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the retail store on a daily basis, such as tools, were produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Casas is a former employee of Defendants, employed in performing the duties of a general store assistant.

41.    Plaintiff Casas seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Ernesto Casas*

42.    Plaintiff Casas was employed by Defendants from approximately August 2011 until October 2016.

43.    At all relevant times, Plaintiff Casas was employed by Defendants as a general store assistant.

44.    Plaintiff Casas regularly handled goods in interstate commerce, such as cleaning supplies and houseware produced outside of the State of New York.

45.    Plaintiff Casas' work duties required neither discretion nor independent judgment.

46.    Throughout his employment with Defendants, Plaintiff Casas regularly worked in excess of 40 hours per week.

47.    From approximately August 2011 until on or about September 2016, Plaintiff Casas worked from approximately 9:30 a.m. until on or about 8:40 p.m. six days a week (typically 67 hours per week).

48.    From approximately September 2016 until on or about October 2016, Plaintiff Casas worked from approximately 9:30 a.m. until on or about 8:30 p.m. six days a week (typically 66 hours per week).

49.     Throughout his employment with Defendants, Plaintiff Casas was paid his wages in cash.

50.     From approximately August 2011 until on or about September 2016, Defendants paid Plaintiff Casas a fixed salary of $500 per week.

51.      From approximately September 2016 until on or about October 2016, Defendants paid Plaintiff Casas a fixed salary of $520 per week.

52.     Plaintiff Casas' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     In fact, defendants required Plaintiff Casas to work ten minutes past his scheduled departure time every day he worked prior to October 2016, and did not compensate him for the additional time they required him to work.

54.     Defendants did not provide Plaintiff Casas with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

55.     From approximately August 2011 until on or about September 2016, Plaintiff Casas was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

56.     Defendants never provided Plaintiff Casas with a written notice, in English and in Spanish (Plaintiff Casas' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Casas regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

58.     Defendants regularly required Plaintiff Casas to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime premiums, and spread of hours pay.

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Casas (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

60.     Defendants habitually required Plaintiff Casas (and all similarly situated employees) to work additional minutes beyond their regular shifts but did not provide them with any additional compensation.

61.     Defendants' pay practices resulted in Plaintiff Casas not receiving payment for all his hours worked, resulting in Plaintiff Casas' effective rate of pay falling below the required minimum wage rate.

62.     Plaintiff Casas was paid his wages entirely in cash.

63.     From approximately August 2011 until on or about September 2016, Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64.     By employing these practices, Defendants avoided paying Plaintiff Casas the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

65.     Defendants failed to post required wage and hour posters in the retail store, and did not provide Plaintiff Casas with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Casas' relative lack of sophistication in wage and hour laws.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Casas (and similarly situated individuals) worked, and to avoid paying Plaintiff Casas properly for (1) his full hours worked, (2) the minimum wage, (3) spread of hours pay  and (4) for overtime due.

67.     Defendants failed to provide Plaintiff Casas and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff Casas  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.     Plaintiff Casas brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

70.     At all relevant times, Plaintiff Casas  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage , overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

71.     The claims of Plaintiff Casas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72.     Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Casas' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor

12

Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Casas (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.    Defendants failed to pay Plaintiff Casas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.    Defendants' failure to pay Plaintiff Casas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.    Plaintiff Casas (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

79.    Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

80.    At all times relevant to this action, Defendants were Plaintiff Casas'  employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Casas (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Casas  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84.    Defendants' failure to pay Plaintiff Casas (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.    Plaintiff Casas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

86.    Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

87.    At all times relevant to this action, Defendants were Plaintiff Casas' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Casas (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Casas (and the FLSA Class members) less than the minimum wage.

89.    Defendants' failure to pay Plaintiff Casas (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90.    Plaintiff Casas (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE
### LABOR LAW'S OVERTIME PROVISIONS

91.    Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

92.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Casas  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.    Defendants failed to pay Plaintiff Casas (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

94.    Defendants' failure to pay Plaintiff Casas (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Casas (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW
### YORK COMMISSIONER OF LABOR)

96.    Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

97.    Defendants failed to pay Plaintiff Casas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Casas' spread of hours exceeded ten hours in violation

of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

98.    Defendants' failure to pay Plaintiff Casas an additional hour's pay for each day Plaintiff Casas' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

99.    Plaintiff Casas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

100.    Plaintiff Casas repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants failed to provide Plaintiff Casas with a written notice, in English and in Spanish (Plaintiff Casas' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102.    Defendants are liable to Plaintiff Casas in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

103.    Plaintiff Casas repeats and realleges all paragraphs above as though set forth fully herein.

104.    Defendants did not provide Plaintiff Casas with a statement of wages with each payment of wages, as required by NYLL 195(3).

105.    Defendants are liable to Plaintiff Casas in the amount of $5,000, together with

costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Casas respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs' in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Casas  and the FLSA class members

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Casas and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Casas', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Casas  and the FLSA class members;

(f)     Awarding Plaintiff Casas and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Casas  and the FLSA class members liquidated damages in an

amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Casas and the members of the FLSA Class

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Casas and the members of the FLSA Class;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Casas and the members of the FLSA Class;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Casas and the members of the FLSA Class;

(l)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Casas', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Casas', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Casas and the FLSA Class members;

(o)    Awarding Plaintiff Casas damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as

18

awarding spread of hours pay under the NYLL, as applicable;

(p)     Awarding Plaintiff Casas  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiff Casas  liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiff Casas and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiff Casas and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Casas demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        February 24, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

        _____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165

(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

February 22, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          <u>Ernesto Casas</u>

Legal Representative / Abogado:    <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:

Date / Fecha:                              <u>22 de febrero de 2017</u>

*Certified as a minority-owned business in the State of New York*