# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

cmulholland@faillacelaw.com

S'　　　　December 14, 2017

**VIA ECF**
Honorable Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

　　　　　　　Re:　Casas, et al. v. NYC Sunrise 99 Cents Store, Inc., et al.,
　　　　　　　　　　17-cv-1415 (LTS)

Your Honor,

　　　This firm represents Plaintiff Ernesto Casas ("Plaintiff") in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

　　　Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and a mediation conference.

　　　The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

　　　The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable and dismissing the matter with prejudice.

## I. Statement of the Case

This is an action for money damages brought by Plaintiffs Ernesto Casas. Plaintiff alleged, inter alia, violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed as a salaried clerk at the Defendants 99 Cents store owned in part by the individual Defendants.

Plaintiff alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, minimum wages and overtime violations. Plaintiffs' estimate of their damages if they were fully successful on all of their arguments at trial, excluding attorney's fees and costs, could have been $364,000. However, that number depends on whether the Court would endorse the divided by 40 damages calculation for a salaried employee in a non-hospitality setting. If the court were not to use the divide by 40 calculation, then the Plaintiff would have be entitled to no more than $131,701 if all of his other factual allegations were resolved after trial in his favor.

Defendants denied the allegations in the Complaint including the character and amount of pay and the amount of hours worked, inter alia.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $90,000.00 to settle all claims. Of this amount, $30,000.00 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiffs. Plaintiffs' counsel's billing records are attached hereto as Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that there are sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the Plaintiffs' hours worked. Furthermore, there is a significant collectability issue that always haunts cases like these.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result for Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate

indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with Plaintiffs, Plaintiffs' counsel will receive $30,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in Plaintiff's retainer agreements.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive discovery and negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City wage and hour litigations, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

- a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is a senior associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. He

December 19, 2017
Page 4

has conducted three FLSA trials with Michael Faillace & Associates within the Southern District of New York, most recently and notably prevailing in a six plaintiff claim in a jury trial before Judge Richard Sullivan with a verdict that will yield a judgment of approximately $2 million dollars.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                    Respectfully submitted,

                    /s/Colin Mulholland, Esq.
                    Colin Mulholland, Esq.
                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                    Attorneys for the Plaintiffs

Enclosures

December 19, 2017
Page 5

IV.