## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between ERNESTO CASAS, each individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiff"), on the one hand, and NYC SUNRISE 99 CENTS STORE, INC., a New York corporation which conducted business as "SUNRISE 99 CENTS STORE", MEI YING LIN, ALEX DOE, and JEREMY DOE, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, asserted claims against the Defendants for alleged violations of the Fair Labor and Standards Act ("FLSA") and the New York Labor Law, in an action filed on February 24, 2017 in the United States District Court for the Southern District of New York (the "Court"), entitled <u>Casas et al. v. NYC Sunrise 99 Cents Store Inc. et al</u>, Case No. 1:17-cv-01415-LTS.

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiff, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

(1)   <u>Submission of Agreement for Court Approval; Dismissal of the Action</u>. The parties shall jointly provide the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A to the Court via the Electronic Court Filing (ECF) system. This Agreement shall not become final and binding upon the Parties until the Action, and all claims asserted by the Plaintiff therein, has been dismissed with prejudice by the Court.

(2)   <u>Settlement Amount</u>. The Defendants shall pay to the Plaintiff the total sum of **Ninety Thousand Dollars** $90,000.00 (the "Settlement Amount"), payable as follows:

      i. One (1) certified check in the amount of $60,000.00, made payable to Michael Faillace & Associates, P.C. As Attorneys. ("Plaintiff's Attorney) due on the day of judicial approval of this Settlement Agreement;

      ii. One (1) certified check in the amount of $30,000.00 made payable to Michael Faillace & Associates, P.C. As Attorneys, due 60 days after the initial payment.

The Plaintiff expressly understands and agrees that Plaintiff's Attorney shall be solely responsible for disbursement of the settlement amount to the Plaintiff. All settlement payments shall be made by check and shall be delivered to: Michael Faillace & Associates, P.C.

(2)(a) Concurrently with the execution of this Agreement, Defendants shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit A, B, C and D. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that Defendant fails to make payment as set forth above, and (ii) Defendant fails to cure such default within ten (10) days of receipt of written notice to be delivered to Defendant's counsel via first class mail or e-mail at: Steven D. Hans, Esq., 45-18 Court Square, Ste. 403, Long Island City, NY 11101. Any such Notice of Default shall be deemed received five days after it is mailed.

(3) <u>Release:</u> (a) In consideration for the foregoing, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVES, RELEASES** and **FOREVER DISCHARGES** Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, representatives, attorneys, or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement. To the fullest extent permitted by law, the Plaintiff **PROMISES NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Releasees in the future, individually or as a member of a class. This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Plaintiff, his heirs, legal representative and assigns. However, nothing in this agreement shall prevent the Plaintiff from seeking enforcement of this agreement in a court of competent jurisdiction.

(4) <u>Non-Assignment of Claims</u>: The Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and the Plaintiff shall defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs.

(5) <u>Each Party To Bear Its Own Attorneys' Fees.</u> The Parties shall each bear their own attorneys' fees, costs, and expenses, except as may be expressly provided herein.

(6) <u>Tax Liability and Indemnity</u>. The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of any portion of the Settlement Amount paid by the Defendants pursuant to this Agreement. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by the Plaintiff, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority.

(7) <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(8) <u>Entire Agreement</u>. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(9) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(10) <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, she has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(11) <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(12) <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(13) <u>Severability</u>.  If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties. Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff shall promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(14) <u>Captions</u>.  Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(15) <u>Execution</u>. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK   )
                                       ) ss:
COUNTY OF _____  )

I, **ERNESTO CASAS**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
**ERNESTO CASAS**

Sworn to before me this
_____ day of _____, 2017

_____
Notary Public

**DEFENDANTS:**

STATE OF _N.C._ )
                ) ss:
COUNTY OF _Nash_ )

I, **MEI YING LIN,** individually and on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of NYC SUNRISE 99 CENTS STORE, INC., d/b/a SUNRISE 99 CENTS STORE.

Sworn to before me this
_1st_ Day of _December_, 2017

_/s/ Sharon E. Dickens_
Notary Public
09/28/2019

**MEI YING LIN**, individually
and on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**

[Notary Seal: SHARON E DICKENS, NOTARY PUBLIC, EDGECOMBE COUNTY, NC, COM. EXP. 09/28/2019]

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF Queens     )

I, **JIANWEI YAN,** individually and on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE.

_____
**JIANWEI YAN**, individually
and on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**

Sworn to before me this
___13___ Day of __Nov__, 2017

_____
Notary Public

STATE OF NEW YORK )
) ss:
COUNTY OF Queens )

I, **JIANHAI YAN,** affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
JIANHAI YAN

Sworn to before me this
___ Day of ___, 2017

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------x
ERNESTO CASAS,
      *Plaintiff,*
  -against-          Index No.:
NYC SUNRISE 99 CENTS STORE, INC. d/b/a
SUNRISE 99 CENTS STORE, MEI YING LIN, **AFFIDAVIT OF CONFESSION OF**
JIANHAI YAN and JIANWEI YAN,    **JUDGMENT**
        *Defendants*
------------------------------------x

STATE OF NEW YORK )
        : ss.:
COUNTY OF Queens )

  **JIANWEI YAN**, being duly sworn, deposes and says:

1. I reside in Queens County.

2. I am the manager of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**. I am duly authorized to make this affidavit of confession of judgment on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**.

3. **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**, maintains its principal place of business at 2140 3rd Ave New York NY 10035.

4. Pursuant to the terms of the Settlement Agreement and General Release by and between ERNESTO CASAS ("Plaintiff") and **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE, MEI YING LIN, JIANHAI YAN and JIANWEI YAN** (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE** in favor of Plaintiff for the sum of One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00).

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $90,000 to Plaintiff. However, I understand that this Confession calls for a judgment in a great amount that the settlement agreement as a penalty for an uncured default.

6.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment of One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**.

**NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE**

By: _____
**JIANWEI YAN**
Title: manager

STATE OF New York )
                              : ss.:
COUNTY OF Queen  )

On Nov 13, 2017, before me personally came Jianwei Yan, to me known, who, by me duly sworn, did depose and say that deponent resides at 137-47 Holly Ave Flushing, that deponent is the Manager of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE** the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE** and was authorized to do so.

_____
Notary Public
STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

------------------------------------------------------------x
ERNESTO CASAS,

                          Plaintiff,

            -against-

NYC SUNRISE 99 CENTS STORE, INC. d/b/a
SUNRISE 99 CENTS STORE, MEI YING LIN,
JIANHAI YAN and JIANWEI YAN,

                          Defendants

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

------------------------------------------------------------x

STATE OF _N.C._ )
                       : ss.:
COUNTY OF _Nash_ )

**MEI YING LIN**, being duly sworn, deposes and says:

1. I reside in _Nash_ County at _Rocky Mount, North Carolina_.

2. Pursuant to the terms of the Settlement Agreement and General Release by and between ERNESTO CASAS ("Plaintiff") and **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE, MEI YI NG LIN, JIANHAI YAN and JIANWEI YAN** (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for the sum of One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00)

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $90,000 to Plaintiff. However, I understand that this Confession calls for a judgment in a great amount that the settlement agreement as a penalty for an uncured default.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, **MEI YING LIN**

_____
**MEI YING LIN**

Sworn to before me this
1st day of December 2017

_____
Notary Public   09/28/2019

[Notary Seal: SHARON E. DICKENS, NOTARY PUBLIC, EDGECOMBE COUNTY, NC, COM. EXP. 09/28/2019]

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------- x
ERNESTO CASAS,

                 *Plaintiff*,

   -against-

NYC SUNRISE 99 CENTS STORE, INC. d/b/a
SUNRISE 99 CENTS STORE, MEI YING LIN,
JIANHAI YAN and JIANWEI YAN,

                 *Defendants*

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

------------------------------------- x

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF Queens     )

      JIANWEI YAN, being duly sworn, deposes and says:

1. I reside in Queens County at 137-47 Holly Ave Flushing

2. Pursuant to the terms of the Settlement Agreement and General Release by and between ERNESTO CASAS ("Plaintiff") and **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE, MEI YING LIN, JIANHAI YAN and JIANWEI YAN** (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for the sum of One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00).

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $90,000 to Plaintiff. However, I understand that this Confession calls for a judgment in a great amount that the settlement agreement as a penalty for an uncured default.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, **JIANWEI YAN**

_____
**JIANWEI YAN**

Sworn to before me this
13 day of _____ 2017

_____
Notary Public
STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERNESTO CASAS,

      *Plaintiff*,

  -against-            Index No.:

NYC SUNRISE 99 CENTS STORE, INC. d/b/a
SUNRISE 99 CENTS STORE, MEI YING LIN, **AFFIDAVIT OF CONFESSION OF**
JIANHAI YAN and JIANWEI YAN,     **JUDGMENT**

      *Defendants*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK  )
          : ss.:
COUNTY OF       )

  **JIANHAI YAN**, being duly sworn, deposes and says:

1. I reside in _Queens_ County at _137-47 Holly Ave Flushing_

2. Pursuant to the terms of the Settlement Agreement and General Release by and between ERNESTO CASAS ("Plaintiff") and **NYC SUNRISE 99 CENTS STORE, INC. d/b/a SUNRISE 99 CENTS STORE, MEI YING LIN, JIANHAI YAN and JIANWEI YAN** (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for the sum of One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00).

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $90,000 to Plaintiff. However, I understand that this Confession calls for a judgment in a great amount that the settlement agreement as a penalty for an uncured default.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for One Hundred and Eighty Thousand Dollars and Zero Cents ($180,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, **JIANHAI YAN**

_____
**JIANHAI YAN**

Sworn to before me this
16th day of November 2017

Notary Public
STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019